UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                           :

ANGEL R. GARCIA,                      :

                                           :              **AMENDED**
                   Plaintiff,          :     **OPINION AND ORDER**
                                           :       05 Civ. 5138 (SAS)

     - against -                     :

                                           :

NEW YORK STATE,                 :
DEPARTMENT OF CORRECTIONAL   :
SERVICES,                                :
COMMISSIONER GLENN S. GOORD, :
                                           :
                  Defendants.     :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

Angel R. Garcia, proceeding pro se, is an employee[1] of the Fulton Correctional Facility.  Garcia alleges that defendants discriminated against him in violation of Title VII of the Civil Rights Act[2] ("Title VII") and the Americans with Disabilities Act[3] ("ADA").[4]  Garcia is suing the State of New York, the New York

---

[1]   An earlier version of this Opinion and Order, issued on October 5, 2005, misidentified Mr. Garcia as a prisoner of this facility.  The Court sincerely apologizes to Mr. Garcia for this error.

[2]   42 U.S.C. §§ 2000e-2000e-17.

[3]   42 U.S.C. §§ 12112-12117.

[4]   *See* Complaint ("Compl.") at 1.

Department of Correctional Services, and Commissioner Glenn S. Goord.[5]  Goord moves to dismiss Garcia's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the following reasons, that motion is granted.

## II.   BACKGROUND

Garcia's Title VII claim is based on a January 2004 statement by a Sgt. Perez who allegedly called Garcia a "Puerto Rican rat."[6]  Garcia's ADA claim is based on the prison's denial of his March 2004 request to modify his work schedule, which he claimed was necessary for medical reasons.[7]  It is not clear from the Complaint whether Garcia is suing Goord in his personal or professional capacity.  However, in his opposition to this motion, Garcia states that he is suing Goord in his capacity as Commissioner of the State of New York Department of Correctional Services ("DOCS") because Goord is "responsible for the overall management of [DOCS], which includes supervising his staff and secondly is charged with constitutional operation of facilities that are safe for employees and

---

[5]   *See id.*

[6]   *Id.* ¶ 8.

[7]   *See id.*  Garcia specifies his medical condition as Severe Obstructive Sleep Apnea.  *See* Opposition of Motion to Dismiss Plaintiffs [sic] Complaint ("Pl. Opp.") at 2.

inmates."[8] Garcia seeks injunctive relief in the form of a change in his work schedule, compensatory damages in the amount of $7,000,000, and an "oral and written apology."[9]

### III.  LEGAL STANDARD

A motion to dismiss should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.'"[10] At the motion to dismiss stage, the issue "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.  Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test."[11] The task of the court in ruling on a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which

---

[8]    *Id.* at 1-2.

[9]    Compl. ¶ 8.

[10]    *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (alterations omitted)).

[11]    *Phelps v. Kapnolas*, 308 F.3d 180, 184-85 (2d Cir. 2002) (quotation omitted).

might be offered in support thereof."[12]  When deciding a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor.  Because plaintiff is proceeding pro se, the complaint must be construed liberally, applying less stringent standards than when a plaintiff is represented by counsel.[13]

A complaint need not state the legal theory, facts, or elements underlying the claim except in certain specific instances.[14]  Pursuant to the simplified pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[15]

## IV. DISCUSSION

### A. **Title VII**

Title VII makes it unlawful for an employer,

---

[12] *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004) (quotation omitted).

[13] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999).

[14] *See Phillips*, 408 F.3d at 127-28.

[15] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting Rule 8(a)(2)).

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as any employee, because of such individual's race, color, religion, sex, or national origin.[16]

Accordingly, a Title VII plaintiff must allege the following elements of a prima facie case: (1) that plaintiff falls within a protected group, (2) that plaintiff was subject to an adverse employment decision, and (3) that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination.[17]

However, there is no need to determine whether plaintiff has established a prima facie case against Goord. It is settled in the Second Circuit that there is no individual liability under Title VII.[18] "Courts within [the Second

---

[16] 42 U.S.C. § 2000e-2(a)(1).

[17] *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[18] *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) ("[W]e hold that an employer's agent may not be held individually liable under Title VII."), abrogated on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Bazile v. City of New York*, 215 F. Supp. 2d 354, 368-69 (S.D.N.Y. 2002).

Circuit] have also generally found that individuals may not be sued in their official capacities under Title VII."[19] Because Goord is an individual, the Title VII claim against him is dismissed.

    B.    **ADA**

The ADA provides that

> no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.[20]

Accordingly, when considering discrimination claims under the ADA, courts in this Circuit apply the three-step analysis established in *McDonnell Douglas Corp.*

---

    [19]    *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 233 n.4 (N.D.N.Y. 2001). *Accord Perks v. Town of Huntington*, 96 F. Supp. 2d 222, 226 (E.D.N.Y. 2000) ("*Tomka* clearly holds that 'individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII.' The mere fact that the court in *Tomka* did not delineate between liability in an individual's person and official capacity does not call into question whether the holding is applicable in both circumstances." (citation omitted)); *Bottge v. Suburban Propane*, 77 F. Supp. 2d 310, 313 (N.D.N.Y. 1999) (holding that "*Tomka*'s individual liability bar applies to individual defendants in their official capacities, as well as to situations where the plaintiff seeks injunctive relief against such individuals, under both Title VII and the ADEA"); *McBride v. Routh*, 51 F. Supp. 2d 153, 156-57 (D. Conn. 1999) (collecting cases); *Gray v. Shearson Lehman Brothers*, 947 F. Supp. 132, 136 (S.D.N.Y. 1996) (dismissing Title VII claims against individual defendants sued in their official capacities).

    [20]    42 U.S.C. § 12112(a).

*v. Green*.[21]  First, a plaintiff must prove a prima facie case of discrimination by a preponderance of the evidence.[22]  If the plaintiff makes out a prima facie case, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action of which the plaintiff complains.[23]  If the defendant satisfies its burden, then the plaintiff must demonstrate that the reasons proffered by the defendant are merely a pretext for discrimination.[24]  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."[25]

In order to plead a prima facie case of discrimination, Garcia must allege that (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of the job; and (4) he suffered some adverse employment action

---

[21]   411 U.S. 792 (1973).  *Accord Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 52 (2d Cir. 1998).

[22]   *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 446 (2d Cir. 1999).

[23]   *See St. Mary's Honor Ctr.*, 509 U.S. at 507; *Bickerstaff*, 196 F.3d at 446.

[24]   *See St. Mary's Honor Ctr.*, 509 U.S. at 507-08; *Bickerstaff*, 196 F.3d at 446.

[25]   *St. Mary's Honor Ctr.*, 509 U.S. at 507 (citation omitted).

because of his disability.[26]

Garcia fails to satisfy the first prong of the prima facie case. In this Circuit individuals may not be held liable, in either their individual or official capacities, for violations of the ADA.[27] Because Goord is not subject to the ADA, the claims against him are dismissed.

## V.     CONCLUSION

Defendant's motion to dismiss is granted. The Clerk is directed to close this motion [Docket # 7]. This Opinion and Order supersedes the earlier Opinion and Order in this case, issued on October 5, 2005. A conference is scheduled for 4:30 p.m. on November 1, 2005.

---

[26] *See Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Comm. Adolescent Program*, 198 F.3d 68, 72 (2d Cir. 1999).

[27] *See Tomka*, 66 F.3d at 1313-17*; Hallet v. New York State Dep't of Correctional Services*, 109 F. Supp. 2d 190, 199 (S.D.N.Y. 2000); *Menes v. City Univ. of New York*, 92 F. Supp. 2d 294, 306 (S.D.N.Y. 2000); *Harrison v. Indosuez*, 6 F. Supp. 2d 224, 229 (S.D.N.Y. 1998); *Corr v. MTA Long Island Bus*, 27 F. Supp. 2d 359, 370 (S.D.N.Y. 1998), aff'd without published opinion, 199 F.3d 121 (2d Cir. 1999); *Cerrato v. Durham*, 941 F. Supp. 388, 395 (S.D.N.Y. 1996) ("The Second Circuit's reasoning in *Tomka* is equally applicable to the question of individual liability under the ADA as well."); *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 274 (S.D.N.Y. 1996).

SO ORDERED:

/s/ Shira A. Scheindlin
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 7, 2005

## - Appearances -

**Plaintiff (pro se):**

Angel Garcia
7220 6th Avenue
Brooklyn, New York  11209

**For Defendants:**

Jeb Harben
Assistant Attorney General
120 Broadway
New York, New York  10271-0332
(212) 416-8610